## LA MANCE v. STREET & SMITH PUBLICATIONS, Inc., et al.

### No. 1610.

District Court, W. D. Missouri, W. D.

Dec. 20, 1943.

Errol Joyce, of Brookfield, Mo., and Roach & Brenner, of Kansas City, Mo., for plaintiff.

Watson, Ess, Groner, Barnett & Whittaker, of Kansas City, Mo., for defendants.

REEVES, District Judge.

This case was removed from a state court upon the several grounds of fraudulent joinder and separable controversy. The action is for libel. The undisputed facts as gathered from the pleadings are that, in August, 1941, one of the several non-resident corporate defendants was engaged in printing a magazine entitled "Pic." Such magazine was printed for general circulation.

One of the corporate defendants, namely, the American News Company, Inc., was operating as a wholesale distributor of magazines and other publications. The other named defendants were local and were engaged, among other things, in selling magazines at their several places of business.

The complaint charged that all of the defendants "printed, circulated, sold and published in an issue of said magazine, as of the 19th day of August, 1941, the following false, defamatory, and libelous article of and concerning the plaintiff * *." The alleged libelous article was set out, followed by appropriate averments in libel cases. The plaintiff then asked for judgment.

1. The Missouri Statutes, Section 4758, R.S.Mo.1939, Mo.R.S.A., defines a libel as

" * * * the malicious defamation of a person made public by any printing * * * tending to provoke him to wrath or expose him to public hatred, contempt or ridicule, or to deprive him of the benefits of public confidence and social intercourse, * * *."

Section 4760 of the same revision defines what constitutes the publication of a libel: "No printing, writing, or other thing is a libel unless there has been a publication thereof, by delivering, selling, reading or otherwise communicating the same or causing the same to be delivered, sold, read or otherwise communicated to one or more persons * * *." It will be observed from the Statute that the libel as charged by the plaintiff was only committed when the magazines were delivered and sold. The mere printing of libelous matter does not lay the foundation for a libel action. Such libel must be published in the manner prescribed by statute. The above statutes appertain specifically to criminal cases but by construction of the courts are made applicable in civil cases.

2. It is the rule of libel in this state that " 'if one composes and dictates, a second writes, and a third publishes, all are liable as publishers, and each is liable as a publisher.' " Laun v. Union Electric Company of Missouri, 350 Mo. 572, 166 S.W.2d 1065, loc. cit. 1070, 144 A.L.R. 622.

The same rule was announced in McDonald v. R. L. Polk & Co., 346 Mo. 615, 142 S.W.2d 635.

Able counsel for the removing defendant have sought to make a distinction between the primary publication and secondary publications. Such distinction is not deducible from the averments of the complaint nor from the admitted facts in this case.

3. Many affidavits have been supplied by the removing defendants and these have been examined. They are evidentiary and would indicate that evidence along the lines of such affidavits would be competent in the trial of the case. They do not contain matter pertinent to the question of fraudulent joinder and a separable controversy. Quite clearly the complaint states a joint cause of action and the admissions in the pleadings support the good faith of the joinder.

It follows that the case should be remanded to the state court from which it was removed.